(115 So. 417)
### GUINN v. STATE. (8 Div. 684.)

Court of Appeals of Alabama. Feb. 14, 1928.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. The indictment charged murder in the first degree. The defendant filed two pleas: (1) Not guilty; (2) not guilty by reason of insanity.

The evidence without conflict discloses that defendant killed deceased by shooting her with a pistol under circumstances which would authorize a jury to find the defendant guilty of murder. Nor was there any evi-

dence tending to reduce the homicide to a lower degree than that found by the jury. This being a fact, we have read the entire record and find that no ruling of the court was prejudicial to the defendant upon this issue. Any ruling made by the court upon the admission of testimony to which objection was made could not have affected the finding of the jury upon this issue one way or another.

■ The real issue litigated was the insanity of defendant at the time of the homicide. We therefore address the opinion to that phase of the case. Was the defendant at the time of the homicide able to distinguish between the right and the wrong as applied to the act here charged; or, having such capacity, was he by duress of mental disease in such condition that he had so far lost the power to choose between the right and the wrong as not to avoid doing the act in question, so that his free agency was at the time of the commission of the act destroyed; and at the same time the homicide was so connected with such mental disease, in relation of cause and effect as to have been the product or offspring of it solely? The burden of establishing the plea of insanity rests on the defendant. The foregoing is the rule in this state, many times stated in various language meaning the same thing, and was so correctly charged in the case at bar. Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193.

■ In making proof as to the sanity of the defendant under the plea of not guilty by reason of insanity, nonexperts whose intimacy with the defendant and opportunities for observation have been such as to enable them to form correct judgments of defendant's mental condition may not only testify to facts and acts, but may give their opinion as to defendant's sanity at the time when the offense was committed. Norris v. State, 16 Ala. 776; Douglass v. State, 21 Ala. App. 289, 107 So. 791. The various rulings of the court upon the admission of nonexpert testimony as to sanity were without error.

■ During the examination of the witness Clara Guinn, the daughter of defendant, the court correctly ruled that she could not testify to the details of what took place between her, deceased, and one Andy Carden. The question at issue was not what were the actual facts occurring between Clara, the deceased, and Carden, but what was told to defendant. The seduction or rape of Clara is not in issue here. The inquiry here to be determined is the sanity of defendant at the time of the homicide, and the testimony as to what the deceased did to Clara, the defendant's daughter, is relevant on the issue of defendant's plea of insanity only in so far as such facts and circumstances were communicated to defendant prior to the homi-

cide. Ragland v. State, 125 Ala. 12, 27 So. 983.

■ After Clara Guinn, the daughter of defendant, had testified that she had told her father shortly before the homicide that Susie Weems, the deceased, had persuaded witness to go with her to Sheffield, where witness was locked in a room with one Carden, told to go to bed with him, that she was induced to go to Sheffield by deceased, and after getting there she was locked in a room with Carden by deceased, and raped by him, she was asked if, in a conversation with Mr. Quillen at a certain time and place, she did not tell Quillen that she did not go to Sheffield at all; that Carden did not carry her to Sheffield; and that she did not go further than Good Springs, and that Carden had carried her and deceased out there to show them a car. This question was objected to, and objection was overruled. The state was then permitted, over the objection and exception of the defendant, to examine Quillen, who testified that defendant's witness Clara had made the foregoing statement to him at the time and place named. As has already been seen, the truth of Clara's statement as to her seduction by deceased and rape by Carden is not in issue and is immaterial. The statement of her wrongs as detailed to her father is relevant to the issue of insanity alone. It being the law that a witness may not be impeached upon an immaterial issue, the court committed error in overruling defendant's objections to the above questions. Ragland's Case, supra.

■ It was in evidence that Susie Weems, the deceased, had been living with defendant for some two years prior to the homicide; that after Susie took defendant's daughter, Clara, to Sheffield for the alleged purpose of prostitution, Susie left defendant's home and went to the house of Mary Bradley; and that defendant followed her there for the purpose of inducing her to return to his home. Anything said by defendant to Susie, upon the occasion of such visits, was relevant upon the issue of insanity, even though the conversation was so far removed from the killing as not to be a part of the res gestæ. If the defendant was following Susie and endeavoring to induce her to return to his home or service after he had been told of the alleged wrongs to his daughter, the jury might conclude that the story of Clara's wrongs were fabricated or that they did not weigh heavily on defendant's mind to such an extent as to render him insane, within the meaning of the law.

The other rulings of the court on objections to evidence and refusal of requested charges were without error; but for the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.